UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| Byron Alexander, as surviving spouse and administrator of the estate of Donna Alexander, deceased, <br><br> Plaintiff, <br><br> v. <br><br> Ahava Health Care LLC d/b/a Adamsville Healthcare and Rehabilitation; and Adamsville Operating Group LLC d/b/a Adamsville Healthcare and Rehabilitation, <br><br> Defendants. | Case No. <br><br> JURY DEMAND |

## COMPLAINT

Plaintiff Byron Alexander, as surviving spouse and administrator of the estate of Donna Alexander, deceased, brings this cause of action against defendants Ahava Health Care LLC d/b/a Adamsville Healthcare and Rehabilitation; and Adamsville Operating Group LLC d/b/a Adamsville Healthcare and Rehabilitation as follows:

### PARTIES

1. Plaintiff is the surviving spouse and administrator of the estate of Donna Alexander and has standing to bring this action.

1

2. Defendant Ahava Health Care LLC is, and at all times mentioned herein was, a Washington limited liability company doing business in McNairy County, Tennessee, operating and/or managing Adamsville Healthcare and Rehabilitation at 409 Park Ave, Adamsville TN 38310-2461. Defendant can be served with process through its registered agent, Jessica Marenya, at 31408 27th Ave SW, Federal Way WA 98023-7814.

3. Defendant Adamsville Operating Group LLC is, and at all times mentioned herein was, a Tennessee limited liability company doing business in McNairy County, Tennessee, operating and/or managing Adamsville Healthcare and Rehabilitation at 409 Park Ave, Adamsville TN 38310-2461. Defendant can be served with process through its registered agent, Vcorp Services, LLC, at 15439 Old Hickory Blvd, Nashville TN 37211-6272.

## JURISDICTION AND VENUE

4. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and, upon information and belief, the parties are citizens of different States. Accordingly, this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 123 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. Plaintiff gave notice to Defendants of a potential claim at least 60 days in advance of filing this complaint in conformity with the provisions of T.C.A. § 29-26-121, as evidenced by the *Affidavit of Service with Certificate of Mailing* attached hereto as Exhibit A.

7. In the event any defendant believes that Ms. Alexander or someone on her behalf has entered into an agreement to arbitrate any issues between them, then pursuant to 9 USCS § 4 Plaintiff demands a trial by jury to resolve all fact issues of whatever nature related to the claim that a binding arbitration agreement was entered into that would require the submission of the claims raised in this complaint to an arbitrator.

## DEFINITIONS

8. Whenever it is alleged that Defendants did any act or failed to do any act, it is meant that the officers, employees, or agents of Defendants performed, participated in or failed to perform or participate in such acts or things while in the course and scope of their employment or agency relationship with Defendants.

## FACTS

9. Upon information and belief, Ms. Alexander was a resident of Adamsville Healthcare and Rehabilitation from approximately November 23, 2019, until her death on December 29, 2022.

10. Adamsville Healthcare and Rehabilitation represented itself to Ms. Alexander and her family as being capable of providing high quality, compassionate long-term care.

11. Ms. Alexander had Huntington's disease, which made her particularly vulnerable to neglect and abuse.

12. Adamsville Healthcare and Rehabilitation was aware of this condition, or reasonably should have been aware, and was required to meet her needs or discharge her to an appropriate facility where her needs could be met.

13. Adamsville Healthcare and Rehabilitation failed to implement a system to ensure that Ms. Alexander was properly monitored and protected from acts of abuse and neglect.

14. On September 26, 2021, Ms. Alexander was sexually assaulted by an employee and/or agent of Adamsville Healthcare and Rehabilitation.

15. As a result of the assault, Ms. Alexander experienced pain and suffering, she required medical treatment, and her health severely deteriorated.

**COUNT I – NEGLIGENCE PURSUANT TO THE TENNESSEE MEDICAL MALPRACTICE ACT, TENN. CODE ANN. §29-26-115, ET SEQ.**

16. Defendants owed a duty to their residents, including Ms. Alexander, to render care, services and treatment as a reasonably prudent and similarly situated

nursing home would render, including but not limited to, rendering care and services in a safe and beneficial manner.

17. Defendants owed a duty to assist their residents, including Ms. Alexander, in attaining and maintaining the highest level of physical, mental and psychosocial well-being.

18. Defendants failed to meet that standard of care and violated their duty of care in their treatment of Ms. Alexander through mistreatment, abuse and neglect. The medical negligence of Defendants includes, but is not limited to, the following acts and omissions:

(a) Failing to develop and implement an effective plan for monitoring Ms. Alexander and to ensure that she was protected from acts of abuse and neglect;

(b) Failing to provide personnel sufficient in number to ensure that the Ms. Alexander was properly monitored and protected from acts of abuse and neglect;

(c) Negligently hiring, supervising and retaining the employee and/or agent who sexually assaulted Ms. Alexander such that he was in a position where he could sexually assault residents.

19. A reasonably prudent nursing home, operating under the same or similar conditions, would not have acted as set forth above. Each of the foregoing acts of negligence on the part of Defendants was a proximate cause of Ms. Alexander's injuries. Ms. Alexander's injuries were all foreseeable to Defendants.

20. Defendants' conduct in breaching the duties it owed to Ms. Alexander was negligent, grossly negligent, willful, wanton, malicious, reckless and/or intentional.

21. The injuries herein described are a direct and proximate result of the acts or omissions as set forth above, singularly or in combination.

22. Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury, plus costs and any further relief to which she is entitled by law.

## COUNT II – GROSS NEGLIGENCE, WILLFUL, WANTON, RECKLESS, MALICIOUS AND/OR INTENTIONAL MISCONDUCT

23. The longevity, scope and severity of Defendants' failures and actions and its consciously indifferent actions with regard to the welfare and safety of helpless residents, such as Ms. Alexander, constitutes gross negligence, willful, wanton, reckless, malicious and/or intentional misconduct as such terms are understood in law.

24. Such conduct was undertaken by Defendants without regard to the health and safety consequences to those residents, such as Ms. Alexander, entrusted to its care. Moreover, such conduct evinces such little regard for its duties of care, good faith, and fidelity owed to Ms. Alexander as to raise a reasonable belief that the acts and omissions set forth above are the result of conscious indifference to Ms. Alexander's rights and welfare.

25. As a direct and proximate result of the grossly negligent, willful, wanton, reckless, malicious and/or intentional misconduct of Defendants, Ms. Alexander

experienced pain and suffering, she required medical treatment, and her health severely deteriorated.

26. Plaintiff seeks compensatory and punitive damages in an amount to be determined by a jury, plus costs, and other relief to which she is entitled by law

## COUNT III – VICARIOUS LIABILITY

27. Defendants are also vicariously liable under the theory of *respondent superior* for the sexual assault committed on Ms. Alexander by their employee and/or agent.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

A. For damages to be determined by the jury in an amount adequate to compensate Ms. Alexander for all injuries and damages sustained;

B. For all general and special damages caused by the alleged conduct of Defendants;

C. For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants and others from repeating such atrocities;

D. For the costs of litigating this case;

E. For a jury to hear this case; and

F. For all other relief to which Ms. Alexander or Plaintiff is entitled under Tennessee law.

Respectfully submitted,

**THE HIGGINS FIRM, PLLC**

<u>**/s/ Benjamin J. Miller**</u>
**BENJAMIN J. MILLER (#25575)**
**SARAH L. MARTIN (#37707)**
525 4th Ave S
Nashville, TN 37210
(615) 353-0930
ben@higginsfirm.com
smartin@higginsfirm.com

*Attorneys for Plaintiff*