UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

**BYRON ALEXANDER, as surviving spouse
And administrator of the estate of DONNA
ALEXANDER, deceased,**

    Plaintiff,

v.                                                        No. 1:23-cv-02034-STA-jay

**AHAVA HEALTH CARE LLC d/b/a
Adamsville Healthcare and Rehabilitation
and ADAMSVILLE OPERATING GROUP
LLC d/b/a Adamsville Healthcare and
Rehabilitation,**

    Defendants.

---

### ORDER AFFIRMING DECISION OF MAGISTRATE JUDGE
### TO EXCLUDE PLAINTIFF'S EXPERT

---

Byron Alexander, the surviving spouse of Donna Alexander ("the Decedent") and the administrator of her estate, filed this action against Defendants AHAVA HC LLC and Adamsville Operating Group LLC based on injuries the Decedent suffered while a resident at Adamsville Healthcare and Rehabilitation ("Adamsville Healthcare"). Plaintiff alleges a negligence claim under the Tennessee Medical Malpractice Act, Tenn. Code Ann. § 29-26-115 *et seq.*, and claims for gross negligence and vicarious liability.

On November 22, 2024, Defendants filed a motion seeking to exclude the testimony and opinion of Plaintiff's sole expert, Dr. Johnathan Klein. Plaintiff opposed the motion. The matter was referred to the Magistrate Judge for determination. The Magistrate Judge concluded that the testimony and opinion of Dr. Klein must be excluded because he failed to provide sufficient

testimony demonstrating knowledge of the standard of care in Adamsville, Tennessee, as is required under the locality rule found in Tenn. Code Ann. § 29-26-115(a)(1). (ECF No. 77.)

Plaintiff has appealed that decision (ECF No. 78) contending that Dr. Klein did, in fact, satisfy the requirements of § 29-26-115(a)(1), but, even if he did not, his testimony is still admissible as to causation and damages related to Plaintiff's claims that fall outside of the locality rule requirement. Defendants have filed a response in opposition to Plaintiff's appeal. (ECF No. 82.)

When a magistrate judge rules on a non-dispositive matter, a district judge may reconsider that ruling only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "The clearly erroneous standard applies only to factual findings made by the magistrate judge, while his legal conclusions [are] reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994)). A legal conclusion is contrary to law when it "contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Steede v. Gen. Motors, LLC*, 2012 WL 2089755, at *2 (W.D. Tenn. June 8, 2012); *see also* 32 *Am. Jur. 2d Federal Courts* § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.").[1] At the outset, it should be noted that Plaintiff has the burden of proving that Dr. Klein meets the requirements of Tenn. Code. Ann. § 29-26-115.

---

[1] Because subject matter jurisdiction in this case is predicated on diversity of citizenship, 28 U.S.C. § 1332, the Court must look to Tennessee law in deciding whether Dr. Klein is competent to testify. *See* Fed. R. Evid. 601 (stating that, when state law supplies the rule of decision, the competency of a witness shall be determined in accordance with state law).

To prevail on a healthcare liability claim, a plaintiff must establish the standard of acceptable care, a breach of that standard, and injury proximately caused by that breach. *See* Tenn. Code Ann. § 29-26-115(a). These three elements must be proven by the testimony of an expert, and the proffered expert must meet certain admissibility requirements. *Williams v. Baptist Memorial Hosp.*, 193 S.W.3d 545, 553 (Tenn. 2006).

The Court in *Jackson v. Thibault*, 2022 WL 14162828, at *3 (Tenn. Ct. App. Oct. 25, 2022), analyzed these admissibility requirements as set forth in Tenn. Code Ann. § 29-26-115(b).

> No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred.

Tenn. Code Ann. § 29-26-115(b).[2] However, that does not end the inquiry. In construing the statute, the *Jackson* Court relied on the reasoning in *Shipley v. Williams*, 350 S.W.3d 527 (Tenn. 2011).

> In evaluating an expert, the trial court must also consider the requirements of the locality rule. *Id.* Under the locality rule,
>
> > [A] medical expert must demonstrate a modicum of familiarity with the medical community in which the defendant practices or a similar community. Generally, an expert's testimony that he or she has reviewed and is familiar with pertinent statistical information such as community size, hospital size, the number and type of medical facilities in the community, and medical services or specialized practices available in the area; has discussed with other medical providers in the pertinent community or a neighboring one regarding the applicable standard of care relevant to the issues presented; or has visited the community or hospital where the defendant practices, will be sufficient to establish the expert's testimony as relevant and probative to "substantially assist the trier of fact to understand the evidence or to determine a fact in issue" under Tennessee Rule of

---

[2] Defendants have not disputed that Dr. Klein meets the contiguous state and date of practice requirements.

Evidence 702 in a medical malpractice case and to demonstrate that the facts on which the proffered expert relies are trustworthy pursuant to Tennessee Rule of Evidence 703.

*Id.* at 552. Firsthand knowledge of the community is not required to meet the requirements of the locality rule; instead,

a proffered expert may educate himself or herself on the characteristics of a medical community in order to provide competent testimony in a variety of ways, including but not limited to reading reference materials on pertinent statistical information such as community and/or hospital size and the number and type of medical facilities in the area, conversing with other medical providers in the pertinent community or a neighboring or similar one, visiting the community or hospital where the defendant practices, or other means.

*Id*. at 552–53.

Still, this somewhat relaxed standard for establishing familiarity does not mean that an expert need only testify as to a national standard of care. *Id.* at 553 ("[I]n this case we do not adopt a national standard of care in medical malpractice cases."). Rather, Tennessee allows testimony of a national or uniform standard of care only once the expert has demonstrated his or her familiarity with the locality:

[E]xpert medical testimony regarding a broader regional standard or a national standard should not be barred, but should be considered as an element of the expert witness' knowledge of the standard of care in the same or similar community....

Only after a medical expert witness has sufficiently established his or her familiarity with the standard of care in the same or similar community as the defendant, may the witness testify that there is a national standard of medical care to which members of his or her profession and/or specialty must adhere. This testimony, coupled with the expert's explanation of why the national standard applies under the circumstances, is permissible and pertinent to support the expert's opinion on the standard of care. The mere mention of a national standard of care should not disqualify an expert from testifying. However, an expert may not rely solely on a bare assertion of the existence of an applicable national standard of care in order for his or her proffered testimony to be admissible under Rules of Evidence 702 and 703.

*Id*. at 552–53.

*Jackson*, 2022 WL 14162828, at *4-5. Thus, before asserting that a defendant is "obligated to adhere to a national standard of care," the expert must first establish his familiarity with the relevant locality. *Gales v. Allenbrooke Nursing & Rehab. Ctr.*, 2023 WL 3521757, at *6 (W.D. Tenn. May 17, 2023), appeal dismissed, 2023 WL 5927163 (6th Cir. June 29, 2023), and aff'd sub nom. *Gales on behalf of Ranson v. Allenbrooke Nursing & Rehab. Ctr., LLC*, 91 F.4th 433 (6th Cir. 2024).

In the present case, the Magistrate Judge looked at the testimony and opinion of Dr. Klein and determined that Plaintiff failed to establish that Dr. Klein satisfied Tennessee's locality rule for healthcare liability claims.[3] That is, Dr. Klein failed to provide sufficient testimony demonstrating knowledge of the standard of care in Adamsville, Tennessee.

In reaching his decision, the Magistrate Judge first reiterated the requirements of § 29-26-115 in order for an expert witness to be competent to testify in a medical negligence case - in particular the requirement that "[t]he recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred." (Rep & Rec. p. 3, ECF No. 77 (citing *Shipley*, 350 S.W.3d at 539–550)). He also correctly noted that "[e]xpert witnesses may not simply assert their familiarity with the standard

---

[3] Defendants made three arguments in their motion to exclude Dr. Klein: (1) Plaintiff failed to establish that Dr. Klein satisfied Tennessee's locality rule for healthcare liability claims; (2) Plaintiff failed to properly disclose Dr. Klein's opinions and qualifications in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure; and (3) Dr. Klein's opinions are improper under Tennessee law because they presume negligence based on injury and are based on hindsight. (Mot. ECF No. 66.) The Magistrate Judge found that the deposition testimony and supplemental filings made prior to the close of the expert discovery deadline sufficiently provided Defendants with notice of Dr. Klein's proffered opinions. He declined to make a determination as to whether Plaintiff could use Dr. Klein's testimony to prove *res ipsa loquitor*, finding that this determination was better left to the trial court. Defendant has not appealed these two determinations.

5

of professional care in the defendant's community without indicating the basis for their familiarity." *Williams*, 193 S.W.3d at 553.

Although Dr. Klein satisfied the competency requirements established by § 29-26-115 in that he was licensed to practice in the contiguous bordering state of Virginia, his license to practice medicine and his board certification in the areas of internal medicine and geriatric medicine would likely make his expert testimony relevant to the issues in this case, and he was licensed to practice in the year preceding September 26, 2021, the Magistrate Judge found that Dr. Klein had failed to demonstrate that his testimony is admissible under the locality rule.

The Magistrate Judge set forth the testimony that Plaintiff offered to demonstrate Dr. Klein's familiarity with the locality rule.

> He states that the 180-bed nursing home he directs in Falls Church, Virginia, is a similar facility to the 125-bed nursing home in Adamsville. He refers to the suburban location where he practices in Falls Church, Virginia, as a "relatively similar area" to Adamsville, Tennessee. Dr. Klein verified that he has never been to Adamsville, McNairy County, or Hardin County. He has only been to a single nursing home in Tennessee, which was "many years ago" in Memphis, Tennessee. In the relevant counties, he thinks there are two long-term care facilities and one hospital. He does not know how far the Defendants' nursing home is from a hospital, he does not know what types of hospitals are in the area, and he does not know the specialty care that is available at the hospitals. He also testified as to the population of Adamsville, Tennessee (2,256) and the populations of his practice region (25,000 and "12 [or] 13,000"). Ultimately, based on his review of information "about demographics in the community," Dr. Klein believes that the standard of care in Adamsville, Tennessee is the same as the communities that he has direct familiarity with.

(Rep. & Rec. pp. 6-7 (record citations omitted.))

The Magistrate Judge analyzed Dr. Klein's testimony and determined that Dr. Klein had reversed the locality rule equation by applying a national standard of care prior to establishing familiarity with the local standard of care when he stated that the standard of care is "well known all over the country" through written regulations and that the standard of care does not change

depending on the location of the patient, thus creating a "universal" standard. The Magistrate Judge found concerning Dr. Klein's assertion that the standard of care is "not something that is unique to Adamsville, Tennessee" and correctly pointed out that this testimony was at odds with § 29-26-115 and Tennessee court decisions. *See Shipley*, 350 S.W.3d at 553–54 ("The mere mention of a national standard of care should not disqualify an expert from testifying. However, an expert may not rely solely on a bare assertion of the existence of an applicable national standard of care in order for his or her proffered testimony to be admissible under Rules of Evidence 702 and 703.").

The Court agrees with the Magistrate Judge that Dr. Klein's opinions regarding the standard of care applicable in Adamsville are premised on his belief that the standard of care is universal based on his repeated assertions that his familiarity with the standard of care in the Adamsville community stems from his opinion that the standard of care is "universal" as evidenced by Dr. Klein's deposition. (Depo. ECF No. 64-1.) ("It boils down to certain guidelines that are universal."; "That's universal. That would be everywhere."; "There's certain standards that are, you know, universal[.]"). Dr. Klein specifically testified that, in his opinion, the standard of care does not change depending on location, that is, the standard of care "goes over and above any locality." He opined that the standard of care "would be generally agreed upon all over the country[.]" (*Id.*) As the Magistrate Judge correctly determined, instead of opining that, through his knowledge of the Adamsville community, the standard of care is the same there as anywhere else, he opined that, because the standard of care is the same everywhere, it must also be so in Adamsville.

The Magistrate Judge also correctly determined that Dr. Klein failed to establish his familiarity with the Adamsville medical community and its similarity to the communities in which he practiced. Merely reciting a population statistic fails to demonstrate familiarity with the

"medical services or specialized practices available in the area." Additionally, the communities' population sizes, the only comparative Dr. Klein provided regarding the communities themselves, was so disparate that it fails to establish Dr. Klein's familiarity with the Adamsville medical community. According to the Magistrate Judge, "Per census data, Hardin County and McNairy County, Tennessee, have a combined population of 52,697. Falls Church City (an independent subdivision), and the two neighboring counties, Arlington County and Fairfax County, Virginia, have a combined population of 1,403,610." (Rep. & Rec. p. 7 n.2. (citation omitted.)) The Magistrate Judge's finding that the difference in size of these populations was too disparate to establish Dr. Klein's familiarity with the Adamsville medical community is not clearly erroneous. Moreover, Dr. Klein failed to opine that these population sizes rendered the communities sufficiently similar such that the standard of care was the same in each.

The Magistrate Judge also found that Dr. Klein did not know how far Defendants' nursing home is from a hospital, he did not know what types of hospitals are in the area, and he did not know the specialty care that is available at the hospitals. Plaintiff has pointed to nothing in the factual record to show that these findings are clearly erroneous.

Plaintiff attempts to rely on *Taylor ex rel. Gneiwek v. Jackson–Madison Cnty. Gen'l Hosp. Dist.*, 231 S.W.3d 361 (Tenn. Ct. App. 2006), in support of his appeal. In *Taylor*, the Court held that the expert satisfied the locality rule because the expert researched and was familiar with (1) the medical specialties available in the community; (2) information regarding the community itself, including its population, proximity to other metropolitan areas, and number and types of educational institutions; and (3) information concerning the hospital where the treatment occurred, including the number and types of medical professionals on staff, and the expert articulated how this data rendered the communities similar. *Id.* at 368–70. To the contrary, Dr. Klein merely

8

compared the populations of the communities; he knew nothing of the medical specialties available or other pertinent information concerning the community, and he failed to articulate the ways in which the communities are similar. Thus, Dr. Klein failed to establish a "modicum" of familiarity with the Adamsville medical community as required to qualify as a medical expert in Tennessee in a healthcare liability case. *See Mabon v. Jackson-Madison County General Hospital*, 968 S.W.2d 826 (Tenn. Ct. App. 1997) (excluding expert who could articulate neither pertinent facts regarding the medical communities nor a basis for how the communities are similar).

None of the factual basis of the Magistrate Judge's decision is clearly erroneous. Instead, the facts in his decision are supported by the record. Additionally, he relied on established Tennessee law none of which "contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Steede,* 2012 WL 2089755, at *2. Accordingly, the Court affirms the Magistrate Judge's decision that Plaintiff has not met the locality rule concerning Dr. Klein's testimony and opinion.

However, that does not end the Court's inquiry. The Tennessee Court of Appeals explained in *Osunde v. Delta Med. Ctr.*, 505 S.W.3d 875, 886 (Tenn. Ct. App. 2016), that expert proof is not required in a healthcare liability action when the claim "falls within the 'common knowledge' exception." (citing *Ellithorpe v. Weismark*, 479 S.W.3d 818, 829 (Tenn. 2015)).

Thus, if Plaintiff's claims fall within the "common knowledge exception," Dr. Klein could be allowed to testify as to causation and damages. *See Baldwin v. Knight*, 569 S.W.2d 450, 456 (Tenn.1978) (holding that expert testimony is not required when the act of alleged wrongful conduct lies within the common knowledge of a layperson); *Bowman v. Henard*, 547 S.W.2d 527, 530–31 (Tenn. 1977) (same); *Tucker v. Metro. Gov't of Nashville & Davidson Cnty.*, 686 S.W.2d 87, 92 (Tenn. Ct. App. 1984) (same). Accordingly, the Court must determine if, in the present case,

"based on common knowledge … the direct allegations against [Defendants] constitute negligence." *Osunde*, 505 S.W.3d at 886. *See*, *e.g.*, *Rural Ed. Ass'n v. Anderson*, 37 Tenn. App. 209, 261 S.W.2d 151, 155 (1953) ("It is a matter of common knowledge and common sense of laymen that a patient in such a condition should be watched and protected and not left unattended on an upper story by an unguarded window through which he might, and ultimately did, fall or jump to his death.").

Here, the facts do not fall within the common knowledge exception. As pointed out by Defendants, and uncontradicted by Plaintiff, knowledge of long-term care administration and nursing are outside the common knowledge of lay people. Moreover, it would not be within the common knowledge of lay people to predict whether a member of the facility's housekeeping staff might assault a patient in the absence of other incidents or warning signs.

To the extent that Plaintiff has asserted a *res ipsa loquitor* theory, it is also unavailing. Dr. Klein was still required to satisfy the locality rule requirements to demonstrate that a specific breach in the standard of care caused the injury. The opinion that the claimed injury does not occur absent negligence is an opinion that Defendants deviated from the standard of care. As such, in order for such opinion to be admissible, Plaintiff's expert had to satisfy the locality rule requirements. *See Howell v. Baptist Hosp.*, 2003 WL 112762, at *3 (Tenn. Ct. App. Jan. 14, 2003) (finding that "the doctrine of *res ipsa loquitur* is not a separate cause of action, but rather a method of proving professional negligence, and that application of the doctrine would have to be supported by expert testimony. Because the affidavits submitted by the [plaintiffs] were struck, the trial court rejected application of the doctrine of *res ipsa loquitur* to prove their claims."); *Hamm v. Hodges*, 2008 WL 1991110, at *4 (Tenn. Ct. App. May 8, 2008) (affirming summary judgment, including as to *res ipsa* claims, because the expert failed to satisfy locality rule requirements).

As argued by Defendants, any opinion by Dr. Klein that they caused injury is irrelevant absent a correlating opinion or inference that Defendants' actions or omissions constituted a deviation from the standard of care. Likewise, any testimony by Dr. Klein that Defendants caused injury, absent an admissible opinion that their actions constituted a deviation from the standard of care, has negligible probative value and does not assist the trier of fact. Accordingly, the Court also excludes testimony/opinions of Dr. Klein as to causation and damages.

Because the Magistrate order excluding the testimony and opinions of Dr. Klein (ECF No. 77) was not clearly erroneous or contrary to law, Plaintiff's appeal of that order is **DENIED**, and the Magistrate Judge's order is hereby **AFFIRMED**. Dr. Klein will not be allowed to testify as to the breach of the standard of care as required by § 29-26-115, nor will he be allowed to testify as to causation and damages concerning Plaintiff's common law claims.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 10, 2025.